United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50491
Conference Calendar

_____

JAMES H. PRIDGEON,

Plaintiff-Appellant,

versus

MARK HICKS, Classification Officer;
PABLO GUERRA, Gang Intelligence; DAWN WILLIAMSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-433
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James H. Pridgeon (Pridgeon), Texas prisoner # 1056266,
appeals the dismissal of his civil rights suit under 42 U.S.C.
§ 1983 for failure to exhaust his administrative remedies and the
grant of the defendants' motion for summary judgment.  Pridgeon
claims that the defendants violated prison policy by placing him,
a confirmed gang member, in the general population instead of
administrative segregation.  Pridgeon claims that as a result of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the defendants' actions, he was attacked by fellow inmates and received life threatening injuries. Pridgeon seeks monetary relief for his injuries.

Even though the district court determined that Pridgeon failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(c), the district court could dismiss Pridgeon's underlying claims if it determined that "the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1). The district court determined that the defendants were entitled to qualified immunity. Thus, the district court granted their motion for summary judgment.

On appeal, Pridgeon reiterates his claims but does not identify error in the grant of the defendants' motion for summary judgment. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *See* Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to identify any error in the district court's judgment, Pridgeon has abandoned the issue on appeal. Id. at 225. Thus, the district court's judgment is AFFIRMED.